UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 4:17-cv-2284 |
| v. | ) |
| MICHAEL R. THOMAS, CAROL A. BRADY THOMAS, | ) |
| Defendants. | ) |

# COMPLAINT

Plaintiff, United States of America, for its complaint against defendants, alleges as follows:

1. This is a civil action in which the United States seeks to reduce to judgment (1) federal income tax, interest, and penalty assessments made against Michael R. Thomas and Carol A. Brady Thomas (together, the "Taxpayers") for tax years 2002, 2003, and 2014 and (2) federal civil penalties assessed against Michael R. Thomas for the third and fourth quarters of 2007 and the first quarter of 2008.

2. This action is commenced at the request and with the authorization of a delegate of the Secretary of the Treasury and at the direction of the Attorney General pursuant to 26 U.S.C. § 7401.

## JURISDICTION AND VENUE

3. The court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1390, 1391, and 1396 because this is the district where Defendants Michael Thomas and Carol Thomas reside and where the liabilities accrued.

## PARTIES

5. Plaintiff is the United States of America.

6. Defendant Michael Thomas resides at 453 Angels Crossing Drive, St. Clair, Missouri 63077.

7. Defendant Carol Thomas resides at 453 Angels Crossing Drive, St. Clair, Missouri 63077.

### Count I – REDUCE INCOME TAX ASSESSMENTS TO JUDGMENT AGAINST MICHAEL THOMAS

8. The allegations contained in paragraphs 1 through 6 above are incorporated herein.

9. The Taxpayers jointly filed their federal income tax return for 2002 late. After examination, the IRS assessed additional tax.

10. The Taxpayers jointly filed their federal income tax return for 2003. After examination, the IRS assessed additional tax.

11. The Taxpayers jointly filed their federal income tax return for 2014 reporting unpaid tax due.

12. On the dates below, a delegate of the Secretary of the Treasury made assessments against Michael Thomas for income taxes, interest, and penalties for 2002, 2003, and 2014 as set forth in the following chart. The chart also includes the unpaid balances of the liabilities, including accrued interest, statutory additions, and credits for

any payments as of August 15, 2017. Statutory additions, including interest, have accrued and will continue to accrue from that date.

| Tax Period | Date of Assessment | Assessed Tax | Assessed Penalties & Interest | Unpaid Balance (as of August 15, 2017) |
|---|---|---|---|---|
| 2002 | 8/15/2007<br>9/10/2007<br>6/23/2008<br>6/29/2009 | $136,584.00 | $100,844.18<br>$682.92<br>$10,166.10<br>$11,404.56 | $252,174.08 |
| 2003 | 9/10/2007<br>6/23/2008<br>6/29/2009<br>10/10/2016 | $41,294.00 | $20,671.10<br>$3,303.52<br>$4,955.28<br>$23,463.78 | $101,337.15 |
| 2014 | 10/5/2015 | $13,978.00 | $848.51 | $138.51 |
| | | | **Total:** | **$353,649.74** |

13.     Notices of the assessments referred to in paragraph 12 and demands for payments were sent to Michael Thomas on or about the dates the assessments were made.

14.     Notwithstanding the notices of assessments and demands for payment, Michael Thomas failed to pay the assessed liabilities described above.

15.     By reason of the foregoing, Michael Thomas is liable to the United States in the total amount of $353,649.74 as of August 15, 2017, plus interest and other statutory additions to tax that have accrued and will continue to accrue as provided by law.

WHEREFORE, the United States of America seeks judgment on Count I of its complaint as follows:

(a)     Judgment in favor of the United States of America and against Michael R. Thomas in the amount of $353,649.74, plus interest and other statutory additions to tax that have accrued and will continue to accrue as provided by law after August 15, 2017; and

3

(b) That the Court award the United States its costs and such other relief it deems just and proper.

**Count II – REDUCE INCOME TAX ASSESSMENTS TO JUDGMENT AGAINST CAROL THOMAS**

16. The allegations contained in paragraphs 1 through 5 and 7 above are incorporated herein.

17. The Taxpayers jointly filed their federal income tax return for 2002 late. After examination, the IRS assessed additional tax.

18. The Taxpayers jointly filed their federal income tax return for 2003. After examination, the IRS assessed additional tax.

19. The Taxpayers jointly filed a federal income tax return for 2014 reporting unpaid tax due.

20. On the dates below, a delegate of the Secretary of the Treasury made assessments against Carol Thomas for income taxes, interest, and penalties for 2002, 2003, and 2014 as set forth in the following chart. The chart also includes the unpaid balances of the liabilities, including accrued interest, statutory additions, and credits for any payments as of August 15, 2017. Statutory additions, including interest, have accrued and will continue to accrue from that date.

| Tax Period | Date of Assessment | Assessed Tax | Assessed Penalties & Interest | Unpaid Balance (as of August 15, 2017) |
|---|---|---|---|---|
| 2002 | 8/15/2007<br>9/10/2007<br>6/23/2008<br>6/29/2009 | $136,584.00 | $100,844.18<br>$682.92<br>$10,166.10<br>$11,404.56 | $252,174.08 |
| 2003 | 9/10/2007<br>6/23/2008<br>6/29/2009<br>10/10/2016 | $41,294.00 | $20,671.10<br>$3,303.52<br>$4,955.28<br>$23,463.78 | $101,337.15 |

4

| 2014 | 10/5/2015 | $13,978.00 | $848.51 | $138.51 |
|---|---|---|---|---|
| | | | Total: | $353,649.74 |

21. Notices of the assessments referred to in paragraph 20 and demands for payments were sent to Carol Thomas on or about the dates the assessments were made.

22. Notwithstanding the notices of assessments and demands for payment, Carol Thomas failed to pay the assessed liabilities described above.

23. By reason of the foregoing, Carol Thomas is liable to the United States in the total amount of $353,649.74 as of August 15, 2017, plus interest and other statutory additions to tax that have accrued and will continue to accrue as provided by law.

WHEREFORE, the United States of America seeks judgment on Count II of its complaint as follows:

(c) Judgment in favor of the United States of America and against Carol A. Brady Thomas in the amount of $353,649.74, plus interest and other statutory additions to tax that have accrued and will continue to accrue as provided by law after August 15, 2017; and

(d) That the Court award the United States its costs and such other relief it deems just and proper.

**Count III – REDUCE TO JUDGMENT CIVIL PENALTY ASSESSMENTS AGAINST MICHAEL THOMAS**

24. The allegations contained in paragraphs 1 through 6 above are incorporated herein.

25. Employers are required by law to withhold federal income and Federal Insurance Contributions Act (FICA) taxes from their employees' wages and pay them to the Internal Revenue Service. The amount withheld from the employees' wages is

5

commonly referred to as "trust fund taxes" because the employee's income and FICA taxes are held in trust by the employer for the United States.  26 U.S.C. § 7501. Employers are required to report quarterly the trust fund taxes, along with the employer's FICA obligations (collectively, "employment taxes"), on a Form 941 tax return (Employer's Quarterly Federal Tax Return).

26. The persons responsible for collecting, accounting for, and paying over trust fund taxes withheld from employees' wages, who willfully fail to do so, are liable for a penalty in the amount of tax withheld but not paid over.  26 U.S.C. § 6672.

**Liability for Trust Fund Recovery Penalty Related to M3 Technologies, Inc.**

27. M3 Technologies, Inc. ("M3") was a Nevada corporation.  It was incorporated on or about December 6, 2005, and it ceased operating in or about February 2009.

28. From 2006 to May 2008, Michael Thomas was the President and a shareholder of M3.

29. From 2006 to May 2008, Michael Thomas had significant control over M3's finances, including the responsibility and authority to (1) determine financial policy, (2) direct the payment of bills and creditors, (3) open and close bank accounts, (4) guarantee and/or co-sign loans, (5) sign checks, (6) authorize payroll, (7) authorize or make federal tax deposits, (8) prepare, review, sign (or authorize to be signed), and transmit payroll tax returns, and (9) hire and fire employees.

30. For the third and fourth quarters of 2007 and the first quarter of 2008, M3 did not collect, truthfully account for, and pay over to the United States all of the trust fund taxes withheld from its employees' wages.

31. For the third and fourth quarters of 2007 and the first quarter of 2008, Michael Thomas disregarded a known risk that M3's trust fund taxes were not being paid.

32. For the third and fourth quarters of 2007 and the first quarter of 2008, Michael Thomas knew that M3 was not paying its trust fund taxes to the United States.

33. After Michael Thomas discovered that M3's trust fund taxes were unpaid, he did not use M3's unencumbered funds to pay the overdue taxes and instead favored other creditors over the United States.

34. Michael Thomas was a person required to collect, truthfully account for, and pay over to the United States M3's unpaid trust fund taxes for the third and fourth quarters of 2007 and the first quarter of 2008.

35. Michael Thomas willfully failed to collect, truthfully account for, and pay over to the United States all of M3's unpaid trust fund taxes for the third and fourth quarters of 2007 and the first quarter of 2008.

**Liability for Trust Fund Recovery Penalty**
**Related to Ultimate Adventure Ballooning, LLC**

36. Ultimate Adventure Ballooning, LLC ("UAB") is a Missouri corporation. It was incorporated on or about December 8, 2004.

37. From 2006 to May 2008, Michael Thomas was the President and a shareholder of UAB.

38. From 2006 to May 2008, Michael Thomas had significant control over UAB's finances, including the responsibility and authority to (1) determine financial policy, (2) direct the payment of bills and creditors, (3) open and close bank accounts, (4) guarantee and/or co-sign loans, (5) sign checks, (6) authorize payroll, (7) authorize or

make federal tax deposits, (8) prepare, review, sign (or authorize to be signed), and transmit payroll tax returns, and (9) hire and fire employees.

39. For 2007, UAB did not collect, truthfully account for, and pay over to the United States all of the trust fund taxes withheld from its employees' wages.

40. For 2007, Michael Thomas disregarded a known risk that UAB's trust fund taxes were not being paid.

41. For 2007, Michael Thomas knew that UAB was not paying its trust fund taxes to the United States.

42. After Michael Thomas discovered that UAB's trust fund taxes were unpaid, he did not use UAB's unencumbered funds to pay the overdue taxes and instead favored other creditors over the United States.

43. Michael Thomas was a person required to collect, truthfully account for, and pay over to the United States UAB's unpaid trust fund taxes for 2007.

44. Michael Thomas willfully failed to collect, truthfully account for, and pay over to the United States all of UAB's unpaid trust fund taxes for 2007.

### Assessment of Trust Fund Recovery Penalties

45. On the dates below, a delegate of the Secretary of the Treasury made assessments against Michael Thomas for trust fund recovery penalties as set forth in the following chart. These assessments included penalties for the third and fourth quarters of 2007 and the first quarter of 2008 related to M3's liabilities for the same periods. The assessments also included a penalty for the fourth quarter of 2007 related to UAB's 2007 full-year liability. The chart also includes the unpaid balances of the liabilities, including accrued interest, statutory additions, and credits for any payments as of August 15, 2017.

8

Statutory additions, including interest, have accrued and will continue to accrue from that date.

| Tax Period End Date | Date of Assessment | Company | Assessed Penalties | Assessed Interest | Unpaid Balance (as of August 15, 2017) |
|---|---|---|---|---|---|
| 9/30/2007 | 6/28/2010 | M3 | $30,830.64 | | $39,126.92 |
|  | 10/10/2016 | M3 |  | $374.30 |  |
| 12/31/2007 | 5/24/2010 | UAB | $27,713.44 |  | $70,820.68 |
|  | 6/28/2010 | M3 | $28,013.58 | $106.50 |  |
| 3/31/2008 | 6/28/2010 | M3 | $11,329.85 |  | $14,371.08 |
|  |  |  |  | Total: | $124,318.68 |

46. Notices of the assessments referred to in paragraph 45 and demands for payments were sent to Michael Thomas on or about the dates the assessments were made.

47. Notwithstanding the notices of assessments and demands for payment, Michael Thomas failed to pay the assessed liabilities described above.

48. By reason of the foregoing, Michael Thomas is liable to the United States in the total amount of $124,318.68 as of August 15, 2017, plus interest and other statutory additions to tax that have accrued and will continue to accrue as provided by law.

WHEREFORE, the United States of America seeks judgment on Count III of its complaint as follows:

(e) Judgment in favor of the United States of America and against Michael R. Thomas in the amount of $124,318.68, plus interest and other statutory additions to tax that have accrued and will continue to accrue as provided by law after August 15, 2017; and

(f) That the Court award the United States its costs and such other relief it deems just and proper.

Dated:  August 22, 2017	CARRIE COSTANTIN
Acting United States Attorney

DAVID A. HUBBERT
Acting Assistant Attorney General

 *s/ Gregory L. Mokodean*
GREGORY L. MOKODEAN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 307-6554
Fax: (202) 514-6770
Gregory.L.Mokodean@usdoj.gov
Ohio Bar No. 0086880
Attorney for the United States